UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

Eastern District of Kentucky
F I L E D
AUG 05 2019
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

CRIMINAL ACTION NO. 5:19-56-S-JMH

UNITED STATES OF AMERICA                                              PLAINTIFF

V.                          **PLEA AGREEMENT**

JACQUOLYN S. WALLS-LAND                                              DEFENDANT

\* \* \* \* \*

1. Pursuant to Federal Rule of Criminal Procedure 11(c), the Defendant will enter a guilty plea to Count 2 of the Superseding Indictment, charging a violation of 18 U.S.C. § 2251(a), employing, using, persuading, inducing, enticing, and coercing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, knowing and having reason to know that such visual depictions would be produced or transmitted using materials that had been mailed, shipped, or transmitted in or affecting interstate or foreign commerce by any means, including by computer. The Defendant will also admit to the Forfeiture Allegation in the Superseding Indictment. The United States will move the Court to dismiss Counts 1 and 4 of the Superseding Indictment, which charge conspiracy to employ, use, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct, and knowingly possessing visual depictions of a minor engaged in sexually explicit conduct, as well as the original Indictment, at the time of sentencing.

2. The essential elements of 18 U.S.C. § 2251(a) are:

   (a) The Defendant employed, used, persuaded, induced, enticed and coerced the minor Victim to engage in sexually explicit conduct for the purpose of producing a visual depiction of that conduct; and

   (b) The Defendant knew that the visual depictions she produced of the minor Victim engaged in sexually explicit conduct would be produced using materials that had been mailed, shipped, or transmitted in interstate or foreign commerce.

3. As to the offense, the United States could prove the following facts that establish the essential elements of the offense beyond a reasonable doubt, and the Defendant admits these facts:

   (a) On Saturday night, March 10, 2018, DM, an 11 year-old female attended an overnight birthday party for a minor female friend at the Holiday Inn Express (HIE) in Danville, KY. The birthday party was held at the HIE to permit the children to use the indoor swimming pool. DM had spent Friday night, March 9, 2018 with the birthday girl at that girl's residence. Several other minor females attended the birthday party at the HIE. Shortly after midnight on Saturday night, DM became homesick and requested to go home. The co-Defendant, Richard Derringer, was dating the birthday girl's mother, the Defendant Jacki Walls-Land. The co-Defendant Derringer volunteered to take DM home (she lived in Junction City in Boyle County). He drove DM to a gas station; he told DM they would return to the HIE because they could not contact DM's mother to ensure she was home for DM to go home.

   (b) After returning to the hotel, the co-Defendant Derringer and the Defendant Walls-Land left the hotel with DM. The co-Defendant Derringer was driving initially.  At some point he stopped the van and began to force DM to smoke methamphetamine using a glass pipe, as well as forcing her to inhale smoke from his mouth after he smoked meth. The co-Defendant then began rubbing DM's breasts, both over and under her clothing. He also used his finger to penetrate DM's vagina. The Defendant Walls-Land recorded the smoking of the methamphetamine as well as the sexual abuse on her cellphone. The co-Defendant switched places with the Defendant Walls-Land, so she could drive them back to the hotel after the assault had occurred.

   (c) HIE security videos corroborate DM's version of events, including her leaving the hotel with the co-Defendant Derringer, returning to the hotel, and then again leaving the HIE with both the co-Defendant Derringer and the Defendant Walls-Land. The co-Defendant Richard Derringer threatened DM to not tell anyone what happened. After

2

returning to the HIE, DM swam with the other minor females and did not tell anyone what happened until she was taken home later in the afternoon of Sunday, March 11, 2018, at which time she told her mother what happened to her. DM's mother contacted the Kentucky State Police (KSP), and at approximately 5:00 p.m., KSP Trooper Roaden arrived at DM's home in Junction City, where he interviewed DM and her mother. He suggested DM be taken to the hospital for an examination. No sexual assault examination was performed because DM stated the co-Defendant Derringer only penetrated her with his fingers, and she had been swimming, so no forensic evidence was likely to be discovered. A urinalysis of DM revealed methamphetamine in her urine.

(d) Based on text messages obtained from the Defendant's phone, using the Text Free Now application, she and the co-Defendant Derringer previously discussed and agreed that the he would sexually assault DM and record such activity even before the Defendant was in the vehicle. The co-Defendant texted "Im gonna giv her ride n b rite back . . . K." The Defendant texted him, "Ok. We got cha bac. Take ur time. It's not that hard to remember to push record this time !!!" Earlier she had texted him, "I just Kno how much u want her." She continued, "I will say it makes me wet thinking about u taking her hmm fucking her." The co-Defendant later attempted to distribute the video(s) of himself sexually abusing the minor Victim to himself, via Facebook Messenger, while using the Defendant's phone. The Defendant possessed the images on her phone, as well as other images of her biological daughter changing clothes in a dressing room. The Victim's phone was damaged by the co- Defendant. The Defendant and her co-Defendant had control over the Victim's phone for between 12 and 16 hours, and it was not returned to DM until after she was home the evening of March 11, 2018.

(e) Subsequent retrieval and forensic examinations of the Defendant Walls-Land's phone revealed evidence of the co-Defendant digitally penetrating DM's vagina.

(f) The Defendant knew that the visual depictions that she and her co-Defendant used, persuaded, induced, enticed and coerced the minor Victim to produce would be produced using materials that had been mailed, shipped, or transmitted in or affecting interstate or foreign commerce. The Defendant's phone, a Samsung Galaxy Core Prime, was manufactured in China; thus, it had to have traveled in interstate commerce to be found within the Commonwealth of Kentucky.

4. The statutory punishment for the offense is imprisonment for not less than 15 years and not more than 30 years, a fine of not more than $250,000, and a term of supervised release of not less than 5 years and up to life. A mandatory special

assessment of $100.00 applies, and the Defendant will pay this assessment to the U.S. District Court Clerk at the time of the entry of the plea. An additional mandatory special assessment of $5,000 applies, pursuant to 18 U.S.C. § 3014, for non-indigent Defendants convicted of certain offenses, including those in chapter 110 (which includes the offense to which the Defendant is pleading guilty), committed after May 29, 2015 through September 30, 2019. The Defendant will pay this assessment to the U.S. District Court Clerk after the sentencing hearing, in accordance with the Judgment, if the Court determines the Defendant is non-indigent and orders such assessment to be paid.

5. Pursuant to Rule 11(c)(1)(B), the United States and the Defendant recommend the following sentencing guidelines calculations, and they may object to or argue in favor of other calculations. This recommendation does not bind the Court.

    (a) The United States Sentencing Guidelines (U.S.S.G.), November 1, 2018, manual will determine the Defendant's guidelines range.

    (b) Pursuant to U.S.S.G. § 1B1.3, the Defendant's relevant conduct includes all information contained in paragraph 3 above and that was provided to the Defendant during discovery.

    (c) Pursuant to U.S.S.G. § 2G2.1(a), the base offense level is 32.

    (d) Pursuant to U.S.S.G. § 2G2.1(b)(1)(B), increase the offense level by 4 levels because the victim had not attained the age of 12 years.

    (e) Pursuant to U.S.S.G. § 2G2.1(b)(2)(B), increase the offense level by 4 levels because the offense involved the commission of a sexual act and conduct described in 18 U.S.C. § 2241(a) or (b) (the use of force and the administering of methamphetamine to the minor victim without her permission).

    (f) Pursuant to U.S.S.G. § 2G2.1(b)(5), increase the offense level by 2 levels because the minor Victim was otherwise in the custody, care or supervisory control of the Defendant.

4

   (g) Pursuant to U.S.S.G. § 3E1.1 and unless the Defendant commits another crime, obstructs justice, or violates a court order, decrease the offense level by 2 levels for the Defendant's acceptance of responsibility. If the offense level determined prior to this 2-level decrease is level 16 or greater, the United States will move at sentencing to decrease the offense level by 1 additional level based on the Defendant's timely notice of intent to plead guilty.

   (h) Pursuant to U.S.S.G. § 5E1.1, restitution will be determined at sentencing. The Defendant agrees to pay restitution equal to the loss caused to any victim of the offense of conviction (Count 2), as well as any victims whose images are contained in the dismissed counts (Counts 1 and 4), pursuant to 18 U.S.C. §§ 2259, 3663 and 3663A.

  6. No agreement exists about the Defendant's criminal history category pursuant to U.S.S.G. Chapter 4.

  7. The Defendant will not file a motion for a decrease in the offense level based on a mitigating role pursuant to U.S.S.G. § 3B1.2.

  8. The Defendant waives the right to appeal the guilty plea and conviction. The Defendant waives the right to appeal [and sentence] unless the Court determines at sentencing that the guidelines are higher than those to which the parties have agreed. Further, the Defendant may appeal any aspect of the sentence if the length of the term of imprisonment exceeds the higher of the advisory sentencing guidelines range as determined by the Court at sentencing or the statutory maximum sentence. Except for claims of ineffective assistance of counsel, the Defendant also waives the right to attack collaterally the guilty plea, conviction, and sentence.

  9. The Defendant will forfeit to the United States all interest in the property listed in the forfeiture allegation of the Indictment and will execute any documents necessary

5

for this forfeiture. The Defendant agrees that there is a nexus between the property and the criminal violation, and/or that the property contains illegal contraband images.

10. The Defendant agrees to cooperate fully with the United States Attorney's Office by making a full and complete financial disclosure. Within 30 days of pleading guilty, the Defendant agrees to complete and sign a financial disclosure statement or affidavit disclosing all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, and disclosing any transfer of assets that has taken place within three years preceding the entry of this plea agreement. The Defendant will submit to an examination, which may be taken under oath and may include a polygraph examination. The Defendant will not encumber, transfer, or dispose of any monies, property, or assets under the Defendant's custody or control without written approval from the United States Attorney's Office. If the Defendant is ever incarcerated in connection with this case, the Defendant will participate in the Bureau of Prisons Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments. If the Defendant fails to comply with any of the provisions of this paragraph, the United States, in its discretion, may refrain from moving the Court pursuant to U.S.S.G. § 3E1.1(b) to reduce the offense level by one additional level, and may argue that the Defendant should not receive a two-level reduction for acceptance of responsibility under U.S.S.G. § 3E1.1(a).

11. The Defendant understands that, by pleading guilty, she will be required to register as a sex offender upon her release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d). The Defendant also understands that, independent of supervised release, she will be subject to federal and state sex offender registration requirements and that those requirements may apply throughout her life. The Defendant will be required to register with the sex offender registration agency in Kentucky and shall also register with the sex offender registration agency in any state or other jurisdiction where she resides, is employed, or is a student. The Defendant understands that she shall keep her registration current and shall notify the sex offender registration agency or agencies of any changes to her name, place of residence, employment, student status, or other relevant information. The Defendant shall comply with requirements to periodically verify in person her sex offender registration information. The Defendant understands that she will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. The Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon her release from confinement following conviction.

12. The Defendant understands and agrees that, pursuant to 18 U.S.C. § 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the Defendant agrees that it is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available

7

to the United States to enforce the judgment. The Defendant waives any requirement for demand of payment on any fine, restitution, or assessment imposed by the Court and agrees that any unpaid obligations will be submitted to the United States Treasury for offset. The Defendant authorizes the United States to obtain the Defendant's credit reports at any time. The Defendant authorizes the U.S. District Court to release funds posted as security for the Defendant's appearance bond in this case, if any, to be applied to satisfy the Defendant's financial obligations contained in the judgment of the Court.

13. If the Defendant violates any part of this Agreement, the United States may void this Agreement and seek an indictment for any violations of federal laws, and the Defendant waives any right to challenge the initiation of additional federal charges.

14. This document and the supplement contain the complete and only Plea Agreement between the United States Attorney for the Eastern District of Kentucky and the Defendant. The United States has not made any other promises to the Defendant.

15. This Agreement does not bind the United States Attorney's Offices in other districts, or any other federal, state, or local prosecuting authorities.

16. The Defendant and the Defendant's attorney acknowledge that the Defendant understands this Agreement, that the Defendant's attorney has fully explained this Agreement to the Defendant, and that the Defendant's entry into this Agreement is voluntary.

ROBERT M. DUNCAN, JR.
UNITED STATES ATTORNEY

Date: 8-5-19  By: *David A. Marye*

David A. Marye
Assistant United States Attorney

Date: 7-27-19  *Jacquolyn Walls-Land*

Jacquolyn S. Walls-Land
Defendant

Date: 7·27·19  *Charles P. Gore*

Charles P. Gore
Attorney for Defendant

9